```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAMION MORGAN                     :        CIVIL ACTION
                                  :
        v.                        :
                                  :
JAMES B. MARTIN, et al.           :        No. 06-cv-03483-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      December 7, 2006

By petition for a writ of *habeas corpus*, petitioner seeks to challenge a state-court conviction, because it is having a severe impact upon his immigration status. Unfortunately, petitioner had received a "time-served" sentence, and was no longer in custody or on parole when the present petition was filed.

The magistrate judge to whom the case was referred has recommended that the petition be dismissed for lack of jurisdiction, and, alternatively, for untimeliness. Through counsel, petitioner has filed objections to the magistrate's report, hence the case is before me *de novo*.

Because the jurisdictional issue is dispositive, I need not address the timeliness issue. Indeed, I will assume for purposes of discussion that petitioner may be able to establish a basis for tolling.

A federal court's jurisdiction to entertain collateral attacks upon state criminal convictions is not unlimited. The applicable statute, 28 U.S.C. § 2254, authorizes federal

intervention only upon application of a person who is in custody pursuant to a state criminal sentence.  This means that the applicant must either still be in prison, or be subject to the restrictions of parole or probation, at the time the federal petition is filed.  If, after the federal habeas petition is filed, the petitioner is released from custody and is no longer on parole, the federal petition may or may not have become moot, depending upon whether petitioner can show that the collateral consequences of his earlier conviction are such that a live controversy is still at issue.

Petitioner's objections to the magistrate's report overlook the distinction between subject-matter jurisdiction, on the one hand, and mootness on the other.  Petitioner is subjected to collateral consequences sufficiently serious to present a live controversy, but the controversy is not within the subject-matter jurisdiction of this court.  The petition will therefore be dismissed.

Whether a certificate of appealability should be granted presents a closer question.  Petitioner pleaded guilty to two counts of marijuana possession and one count of possession of heroin.  He alleges that he was not aware that the heroin charge was included, and that he did not knowingly enter a guilty plea to that charge.  Because of the heroin charge, he cannot successfully challenge his removal from the United States,

whereas the marijuana charges would not have had that consequence. Allegedly, he did not learn of the problem until it was too late to appeal his conviction or obtain collateral relief in the state courts. According to the brief filed by petitioner's counsel, the district attorney who prosecuted the case was willing to vacate the heroin conviction, but the state court declined to consider the matter because the application for collateral relief was filed too late.

If petitioner's allegations are true, he might well have been entitled to relief in federal court, but for the fact that he received such a light sentence.

As I understand the applicable precedents, Maleng v. Cook, 490 U.S. 448 (1989) and Spencer v. Kemna, 523 U.S. 1 (1998), whereas the restrictions on liberty involved in status as a parolee or probationer are deemed to constitute "custody," even the severe collateral consequences being experienced by this petitioner do not suffice to bring his case within this court's jurisdiction. I recognize, however, that an appellate court might reach a different conclusion, and decide that a person in petitioner's position should be regarded as sufficiently in custody to justify federal intervention. Accordingly, I will not preclude an attempted appeal of this ruling.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION MORGAN | : | CIVIL ACTION |
| v. | : | |
| JAMES B. MARTIN, et al. | : | No. 06-cv-03483-JF |

ORDER

AND NOW, this 7th day of December 2006, IT IS ORDERED:

1. The Report and Recommendation of United States Magistrate Judge Jacob P. Hart is APPROVED and ADOPTED.

2. The petition is DISMISSED with prejudice.

3. Since there may be a substantial issue of constitutional magnitude (whether severe collateral consequences of a state-court conviction can be deemed to constitute "custody" for purposes of federal *habeas corpus* intervention; whether it is constitutionally permissible to interpret the federal *habeas corpus* statute, 28 U.S.C. § 2254, in such a way as to effectively preclude relief to petitioners whose sentences expired before they could possibly have sought federal habeas relief), a certificate of appealability is ISSUED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.

4